IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CONNIE CURTS, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:23-cv-00427-DGK ) |
| EDGEWELL PERSONAL CARE COMPANY et al., | ) ) ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

This case arises from the marketing and sale of Wet Ones® antibacterial hand wipes. Plaintiff Connie Curts filed a class action against Defendant Edgewell Personal Care Company ("Edgewell") in Missouri state court alleging Edgewell's representations that Wet Ones® kill 99.99% of germs were false, deceptive, and misleading under the Missouri Merchandising Protection Act[1] ("MMPA"). Plaintiff originally named Edgewell as the sole defendant. After three Edgewell subsidiaries—Edgewell Personal Care, LLC ("EPC"), Edgewell Personal Care Brands, LLC ("EPC Brands"), and Playtex Manufacturing, Inc. ("Playtex")—were joined as necessary parties, all four Defendants removed the case to this Court asserting jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").

Now before the Court is Plaintiff's motion to remand. ECF No. 18. For the reasons discussed below, the motion is DENIED.

---

[1] Mo. Rev. Stat. §§ 407.010 et seq.

## Procedural Background[2]

On August 27, 2020, Plaintiff, a Missouri citizen, filed a Class Action Petition ("original Petition") against Edgewell in the Circuit Court of Jackson County, Missouri "on behalf of herself and all other similarly situated Missouri consumers." ECF No. 1-1 at 2–3. Plaintiff's original Petition named Edgewell, a Missouri Corporation, as the sole defendant and brought a single count against Edgewell for the violating the MMPA.

Edgewell was served a copy of the original Petition on September 14, 2020. *Id.* at 34. On November 25, 2020, Edgewell filed its Answer and raised an affirmative defense that "Plaintiff has failed to join necessary and/or indispensable parties pursuant to Rule 52.04." *Id.* at 51. Over the course of the next year, Edgewell responded to Plaintiff's requests for discovery and took Plaintiff's deposition. *See id.* at 104, 108–10. On October 19, 2021, Edgewell filed a Motion for Summary Judgment, arguing Plaintiff sued the wrong defendant because its subsidiaries—EPC, EPC Brands, and Playtex—were primarily responsible for the conduct alleged in the original Petition. *See id.* at 151; ECF No. 1-2 at 53–54. Edgewell further argued Plaintiff lacked standing because she did not purchase Wet Ones® containing the active ingredient benzalkonium chloride as alleged in her Petition. ECF No. 1-2 at 55. That same day, Edgewell filed its opposition to class certification raising the same grounds. *Id.* at 60.

On December 1, 2021, Plaintiff filed a Motion for Leave to Amend her Petition to include Wet Ones® manufactured with the active ingredient benzethonium chloride—which she purchased—to remedy her standing issues and to challenge the marketing of both forulations of Wet Ones®. *See* ECF No. 1-3 at 84–85. On December 2, 2021, Plaintiff opposed summary judgment arguing Edgewell is the proper defendant under the MMPA. *See* ECF No. 1-4 at 118–

---

[2] The Court includes only the procedural history necessary for ruling on the motion to remand. It excludes unnecessary discussion of the parties' underlying state court litigation.

19. Specifically, Plaintiff argued Edgewell cannot "defeat liability under the MMPA by delegating the manufacture, distribution, marketing and sale of a product to wholly-owned subsidiary corporations and limited liability companies." *Id.*

The Circuit Court granted Plaintiff's leave to amend her Petition on December 20, 2021, and Plaintiff filed her First Amended Class Action Petition ("FAP") the same day naming Edgewell as the sole defendant. *See id.* at 128–29. On January 22, 2022, Edgewell filed its Answer to the FAP again raising the affirmative defense that "Plaintiff has failed to join necessary and/or indispensable parties pursuant to Rule 52.04." *Id.* at 157.

On December 30, 2021, the Circuit Court denied Edgewell's Motion for Summary Judgment in one-paragraph order noting Edgewell "failed to establish that there is no material genuine issue as to the facts pertaining to the Plaintiff's claims." *Id.* at 148. On February 3, 2022, Edgewell moved to vacate the Circuit Court's denial of summary judgment arguing Plaintiff abandoned her original Petition when she filed the FAP and therefore the original Petition should not be considered for any purpose including summary judgment. *Id.* at 163.

On March 9, 2022, Edgewell filed a Motion to Join Additional Parties, arguing EPC, EPC Brands, and Playtex were necessary parties under Missouri Rule of Civil Procedure 52.04. *Id.* at 201–02. Edgewell argued without joinder "(1) Plaintiffs cannot be accorded complete relief; (2) the absent parties ability to protect their interests is impaired or impeded; and (3) Edgewell [] is subject to risk of multiple or otherwise inconsistent obligations." *Id.* at 202. Plaintiff opposed both of Edgewell's motions. *See id.* at 170, 232.

The Circuit Court ultimately certified the class but granted Edgewell's remaining motions. On March 22, 2022, the Circuit Court vacated its previous order denying summary judgment and entered a new order denying Edgewell's Motion for Summary Judgment as moot. *Id.* at 276–78.

That same day, the Circuit Court granted Edgewell's Motion to Join Additional Parties. *Id.* at 278. The Circuit Court's order did not name EPC, EPC Brands, or Playtex, or require them to be joined. *See id.* On March 29, 2022, the same attorneys representing Edgewell entered an appearance for EPC, EPC Brands, and Playtex even though they had not yet been joined as defendants. *See id.* at 279.

On April 8, 2022, Edgewell, EPC, EPC Brands, and Playtex (collectively "Defendants") removed the case to this Court citing 28 U.S.C. §§ 1441, 1446, and CAFA, 28 U.S.C. §§ 1332(d) and 1453. ECF No. 1-5 at 5. In support of removal, Edgewell attached the FAP and the Circuit Court's order granting its motion to join additional parties. On May 9, 2022, Plaintiff filed a motion to remand the case to the Circuit Court of Jackson County, Missouri.

On December 14, 2022, this Court remanded finding minimal diversity under CAFA to be lacking. *Curts v. Edgewell Personal Care Company*, 22-cv-00235-GAF, Remand Order, at 7, ECF No. 46. The Court noted that the Circuit Court's joinder order made no mention of EPC, EPC Brands, or Playtex nor required their joinder. *Id.* Because the Circuit Court's joinder order neither made removability ascertainable nor could be construed to satisfy diversity, the Court granted Plaintiff's motion to remand. *Id.* at 9. The Court also raised concerns about Edgewell's tactical delay in seeking removal noting "[p]ersuasive authority suggests such dilatory tactics should not be rewarded." *Id.* at 9–10.

After the case was remanded back to the Jackson County Circuit Court, Defendants filed a "Motion to Amend and/or Clarify This Court's March 22, 2022 Order." ECF No. 1-8 at 20–23. Specifically, Defendants sought an order (1) stating EPC, EPC Brands, and Playtex were necessary parties that are joined as defendants in the case, and (2) ordering Plaintiff to file a Second Amended Petition against all defendants. *Id.* at 2.

4

On June 1, 2023, the Circuit Court entered an amended order stating EPC, EPC Brands, and Playtex are necessary parties "and shall be added as defendants in this action" and ordering Plaintiff to file a Second Amended Petition. ECF No. 1-9 at 140–41.

On June 12, 2023, Plaintiff filed her Second Amended Class Action Petition ("SAP"). *Id.* at 251. The SAP named all defendants—Edgewell, EPC, EPC Brands, and Playtex—but did not assert any claims against EPC, EPC Brands, or Playtex. *Id.* at 252. As with the original Petition and FAP, the SAP asserts a single count against Edgwell for allegedly violating the MMPA. *Id.* at 263–66.

On June 16, 2023, Defendants removed the case to this Court for second time again citing 28 U.S.C. §§ 1441, 1446, 1332(d) and 1453. ECF. No. 1. On July 28, 2023, Plaintiff again moved to remand. ECF No. 18.

**Standard**

A defendant may remove a case to federal court where the federal court would have had original jurisdiction if the suit had originally been filed there. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). All doubts about removal are resolved in favor of remand. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

To establish CAFA jurisdiction, the removing party must show that the aggregate amount in controversy in the class action exceeds $5,000,000 and "there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class." *Westerfeld v. Indep. Processing LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (citing 28 U.S.C. § 1332(d)).

**Discussion**

None of CAFA's jurisdictional requirements are at issue in this case. The primary dispute over removal is whether Defendants could even exercise their statutory right to removal.

Plaintiff argues remand is appropriate on four grounds. First, the Court's first remand order precludes a second removal based on the same grounds. Second, removal was untimely and Edgwell waived its right to remove by litigating in state court. Third, removal is barred by the voluntary-involuntary rule.[3] And fourth, remand is required under CAFA's local-controversy exception. The Court addresses each in turn.

### I. The Court's first remand order does not preclude Defendants' second removal.

Plaintiff argues Defendants' removal is an improper "request for reconsideration" of the Court's first removal order. Plaintiff's argument incorporates two lines of reasoning: (1) Defendants seek to remove on the same grounds as the first removal; and (2) the Court's first order established removal was untimely because of Edgewell's tactical delay. Both arguments are unavailing.

After a case has been remanded to state court, a defendant may not again remove the case on the very same ground. *City of Creve Coeur, Missouri v. DirecTV LLC*, 58 F.4th 1013, 1016 (8th Cir. 2023) (citing *St. Paul & C. Ry. Co. v. McLean,* 108 U.S. 212, 217 (1883)); *cf.* 28 U.S.C. § 1447(d) (disallowing in most circumstances the district court to reconsider its own remand orders "by appeal or otherwise"). A second removal, however, is not based on the same grounds where the post-remand pleadings or conduct of the parties subsequently make the case removable. *See*

---

[3] The voluntary-involuntary rule is an exception to the time-of-filing rule which requires diversity of citizenship "both when the state petition is filed and when the petition for removal is filed." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (citations omitted). The voluntary-involuntary rule provides that when a "plaintiff voluntarily dismisses the diversity-destroying defendant, a defendant may then be able to remove the case." *Id.* The rule is based on the rationale that a defendant "has no control over whether the plaintiff voluntarily dismisses another defendant, so there is no risk that a defendant has changed its citizenship to manipulate jurisdiction." *Id.* at 976.

*Hill v. Lowe's Home Centers, LLC*, No. 21-CV-00185-SRC, 2022 WL 1202363, at *3 (E.D. Mo. Apr. 22, 2022) (collecting cases).

Contrary to Plaintiff's contention, Defendants second removal is not based on the same grounds as the first. At the time of the first removal, Edgewell was the only defendant to the suit. Because Plaintiff and Edgewell are citizens of Missouri, minimal diversity under CAFA was not met. Post-remand, however, the SAP joined EPC, EPC Brands, and Playtex as defendants. This post-remand activity established new grounds for removal—primarily, minimal diversity.[4] Accordingly, Defendants' second removal is based on new grounds and is not precluded by the Court's first remand order.

Plaintiff's second argument concerning tactical delay is also unpersuasive. Even if the first remand order rested on the Court's concerns of tactical delay, it would not preclude a second removal under § 1447(d). Section 1447(d)'s limit on reviewability applies only to prior remands based on grounds specified in § 1447(c)—*i.e.*, remand based on "any defect other than lack of subject matter jurisdiction." *See Stone v. J & M Sec., LLC*, 55 F.4th 1150, 1152 (8th Cir. 2022); 28 U.S.C. § 1447(c). Eighth Circuit case law makes clear § 1447(c)'s "any defect" language concerns defects in the removal process. *See, e.g., Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). Other circuits have characterized this as a "failure[] to comply with the statutory requirements for removal." *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1095 (10th Cir. 2017) (noting these include noncompliance with the time limits in § 1446(b), the unanimity requirements in § 1446(b)(2)(A), and the forum-defendant rule in § 1441(b)).

Plaintiff argues Defendants' second removal is precluded because the Court's first remand

---

[4] Plaintiff is a citizen of Missouri, while EPC, EPC Brands, and Playtex are all incorporated in Delaware and have their principal places of business in Connecticut. *See* SAP at 4–5, ECF No. 1-10.

order found "§ 1446(b) does not apply to extend the thirty-day deadline for removal under the facts presented." Reply Suggestions at 2, ECF No. 21. Therefore, according to Plaintiff, remand was based on a "defect" under § 1447(c) and thus barred by § 1447(d). This is not so. Waiver by participation—*i.e.*, tactical delay—is not a procedural defect under § 1447(c) because it is not a statutory requirement. While a defendant's statutory right to removal can be waived by pre-removal litigation in state court, waiver only applies to litigation activity occurring *after a case becomes removable*. *See PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015); *Parshall v. Menard, Inc.*, No. 4:16-CV-828 (CEJ), 2016 WL 3916394, at *3 (E.D. Mo. July 20, 2016) (citing cases). Stated differently, waiver by participation can occur before the thirty-day removal period in § 1446(b) expires. Thus, while waiver by participation and the removal period in § 1446(b) are related concepts, they operate independent of each other. *See Soto Enterprises, Inc.*, 864 F.3d at 1097 (holding waiver by participation "does not qualify as 'any defect' under § 1447(c)") because it is a "common-law creation not included in the removal statutes").

Accordingly, the Court's first remand order does not preclude Defendants' second removal.

## II. Defendants' second removal was timely.

Plaintiff presents two related arguments that Defendants' removal is untimely. First, Defendants' thirty-day removal period under § 1446(b) began running when Edgewell asserted it was not the proper defendant and thus expired well before this case was removed. Second, Defendants waived their right to removal by Edgewell actively litigating the case in state court. Both arguments are unpersuasive.

Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first

8

be ascertained that the case is one which is or has become removable." In the context of CAFA, "the thirty-day removal period set forth in § 1446(b)(3) does not begin to run until the defendant receives from the plaintiff an amended pleading, motion, order, or other paper from which the defendant can unambiguously ascertain that the CAFA jurisdictional requirements have been satisfied." *Gibson v. Clean Harbors Env't Servs., Inc.*, 840 F.3d 515, 519 (8th Cir. 2016) (internal quotation marks omitted). After removability is ascertained, a defendant can waive its statutory right to remove by seeking a pre-removal adjudication on the merits in state court. *PR Grp., LLC*, 792 F.3d at 1026. Thus, both of Plaintiff's arguments require Defendants to first have a statutory right of removal before that right can expire or be waived.

### A. Defendants' thirty-day removal period did not expire.

In support of her argument that Defendants' thirty-day removal period expired, Plaintiff cites *Howell v. Forest Pharms., Inc.*, No. 4:15-CV-1138 CEJ, 2015 WL 5561838 (E.D. Mo. Sept. 21, 2015). *Howell* addresses the situation where an "intended defendant" was mistakenly omitted or misnamed in the initial complaint but had actual notice it was the real party in interest. *See Howell*, 2015 WL 5561838, at *2. Under these circumstances, "courts have held that the thirty-day period for the 'real party defendant in interest' to remove begins as soon as it is 'on notice' of the plaintiff's mistake." *Id*. But that is not the case here. EPC, EPC Brands, and Playtex were neither the intended defendants in Plaintiff's original Petition or FAP, nor mistakenly omitted or misnamed. In fact, Plaintiff consistently maintains she did not make a mistake and sued the only liable party, Edgewell. *See, e.g.*, Suggestions in Supp. at 6 fn 1, ECF No. 19. Under *Howell*'s rationale[5]—and Plaintiff's own admissions—Defendants had no right of removal under the

---

[5] The other out-of-circuit cases Plaintiff cites are similarly inapplicable. For example, Plaintiff cites *Delgado Pimentel v. Huntsman Int'l, LLC* from the Central District of California. No. LACV1810355JAKKSX, 2019 WL 3073943 (C.D. Cal. July 15, 2019). In *Delgado Pimentel*, the plaintiff named the Parent Defendant as well as Doe subsidiary-defendants not yet identified. *Id*. at *1. Here, Plaintiff named only Edgwell in the Petition and FAP.

9

original Petition or FAP; thus, their thirty-day removal period could not expire because it was never triggered.

Further, *Howell*'s rationale is premised on a different procedural footing for removal. In *Howell*, the thirty-day removal period was triggered under § 1446(b)(1) because the case was removable at the time the complaint was filed. *See Howell*, 2015 WL 5561838, at *2. Had the intended defendant not been mistakenly misnamed, the case could have been removed immediately. That is, the intended defendant had a statutory right of removal that was triggered and could expire. Thus, *Howell* is consistent with § 1446(b)'s overarching command that the thirty-day removal period begins only after removability is ascertainable. *See Gibson*, 840 F.3d at 519; *PR Grp., LLC*, 792 F.3d at 1026; *Parshall*, 2016 WL 3916394, at *3. This case presents different facts. The Petition and FAP were not removable because the subsidiaries were not named. It was not until EPC, EPC Brands, and Playtex were joined that the case became removable, triggering a statutory right of removal that could expire. And it is undisputed Defendants removed the case within thirty days of EPC, EPC Brands, and Playtex being sued. Thus, *Howell*'s reasoning is inapplicable here.

In fact, applying *Howell* here would allow parties to name only non-diverse defendants and then oppose CAFA jurisdiction on waiver grounds when non-diverse co-defendants are later added as necessary parties. Such a result would frustrate Congress's intent to construe CAFA jurisdiction broadly. *See Westerfeld*, 621 F.3d at 822. Accordingly, Defendants' thirty-day removal period did not expire.

### B. Defendants did not waive their statutory right to removal.

Plaintiff further argues Defendants waived their statutory right to removal by litigating in state court before seeking removal. Plaintiff cites the general rule that "[a] defendant waives the

10

Case 4:23-cv-00427-DGK   Document 22   Filed 10/17/23   Page 10 of 14

right to remove by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *PR Grp., LLC*, 792 F.3d at 1026 (internal quotation marks omitted). But Plaintiff cites no case law applying this rule before a defendant's statutory right to remove is ascertainable. In fact, one of the cases Plaintiff cites, *Wolfe v. Wal-Mart Corp.*, 133 F. Supp. 2d 889, 891 (N.D.W. Va. 2001), holds that "engaging in discovery and filing motions prior to a case becoming removable does not result in a waiver of a party's right to remove an action that later becomes removable."

Further, it is undisputed Defendants did not pursue any pre-removal adjudication on the merits in state court between the time Plaintiff filed her SAP and when Defendants filed their notice of removal. Because Edgewell's litigation activities in state court occurred before this case became removable, the Court cannot conclude Edgwell waived a right they did not yet have. Accordingly, Defendants did not waive their statutory right to removal.

### III. The voluntary-involuntary rule does not preclude removal.

Plaintiff argues the joinder of EPC, EPC Brands, and Playtex was not a voluntary act, and therefore, even though minimal diversity exists under CAFA, removal is improper. Defendants respond the voluntary-involuntary rule applies only to dismissal of parties, not the addition of parties.

Plaintiff fails to cite any controlling case law holding joinder of necessary parties precludes removal under the voluntary-involuntary rule. Moreover, Plaintiff fails to establish how the addition of necessary parties amounts to a manipulation of jurisdiction. Adopting Plaintiff's interpretation of the voluntary-involuntary rule would allow parties to name only non-diverse defendants and then oppose CAFA jurisdiction on involuntary grounds when non-diverse co-defendants are later added as necessary parties. Such a result would frustrate Congress's intent to

11

construe CAFA jurisdiction broadly. *See Westerfeld*, 621 F.3d at 822. The Court declines to expand the voluntary-involuntary rule on the facts presented.

### IV. CAFA's local-controversy exception does not apply.

Finally, Plaintiff argues that even if removal is proper, the court is nevertheless required to remand under CAFA's local-controversy exception. Defendants contend Plaintiff has not carried her burden establishing Edgewell is a primary defendant.

Under CAFA, federal courts have jurisdiction over class actions where the aggregate amount in controversy in the class action exceeds $5,000,000 and "there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class." *Westerfeld*, 621 F.3d 822 (citing 28 U.S.C. § 1332(d)). Within this broad grant of federal jurisdiction, Congress has carved out two narrow, but mandatory exceptions. *See* § 1332(d)(3)–(4). Only the local-controversy exception is at issue in this case. Under the local-controversy exception, a federal district court "shall decline to exercise jurisdiction" if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id.* § 1332(d)(4)(B).

The party invoking the local-controversy exception bears the burden of establishing every element of the exception. *Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089, 1093 (8th Cir. 2021) (citation omitted). The Eighth Circuit has cautioned that "the local-controversy exception is a narrow, nonjurisdictional exception to CAFA's grant of jurisdiction. Thus, any doubt about the applicability of CAFA's local-controversy exception must be resolved against the party seeking remand and in favor of retaining jurisdiction over the case." *Id.* (cleaned up).

A primary defendant is one who "(1) has the greater liability exposure; (2) is most able to

12

satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the asserted claims; or (5) is the only defendant named in a particular cause of action." *Nicholson v. Prime Tanning Corp.*, No. 09-6083-CV-SJ-GAF, 2009 WL 2900042, at *1 (W.D. Mo. Sept. 3, 2009) (internal quotation marks and citation omitted). Plaintiff seems to argue Edgewell is a primary defendant under the fourth classification because Edgwell is the only defendant with a claim asserted against it. *See* Suggestions in Supp. at 12, ECF No. 19 ("Plaintiff's only claim in this action is asserted against Edgewell."); *id.* ("Plaintiff strenuously opposed the addition of Edgwell's subsidiaries and maintains that the subsidiaries are not necessary parties[.]"); Reply Suggestions at 7, ECF No. 21 ("[Plaintiff] is not required to (and will not) bring claims against EPC, EPC Brands, or Playtex"). Defendants counter that Edgewell is not a primary defendant because: (1) Edgewell is a holding company not responsible for the manufacture, marketing, distribution, and sale of Wet Ones®; and (2) EPC, EPC Brands, and Playtex were joined as necessary parties because they manufactured, marketed, distributed, and sold Wet Ones®. Suggestions in Opp'n at 13–14, ECF No. 20.

The SAP alleges violations of the MMPA on grounds that the marketing and sale of Wet Ones® was fraudulent, deceptive, and misleading due to the products' representation that it kills 99.99% of germs. On its face, the SAP is directed at the manufacturing, marketing, and sale of Wet Ones®, functions performed directly by EPC, EPC Brands, and Playtex. Further, EPC, EPC Brands, and Playtex were joined under Missouri Rule of Civil Procedure 52.04 as necessary parties because the Circuit Court determined Plaintiff could not be accorded complete relief without them. Plaintiff's continuing objection to the Circuit Court's joinder order and refusal to assert her MMPA claim jointly against all Defendants do not convert this controversy from one of interstate interest to one that is solely a local concern.

13

Considering the focus of Plaintiff's claims and the Circuit Court's joinder of EPC, EPC Brands, and Playtex as necessary parties, Plaintiff has not carried her burden of establishing Edgewell is a primary defendant. Accordingly, CAFA's local-controversy exception does not apply.

## Conclusion

For the foregoing reasons, Plaintiff's motion to remand is DENIED. Because removal was proper, Plaintiff's request for attorney's fees is also DENIED.

**IT IS SO ORDERED.**

Date:  October 17, 2023                  /s/ Greg Kays
                                         GREG KAYS, JUDGE
                                         UNITED STATES DISTRICT COURT