IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CONNIE CURTS, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:23-cv-00427-DGK ) |
| EDGEWELL PERSONAL CARE COMPANY et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER GRANTING MOTION TO DISMISS

This class action arises from the marketing and sale of Wet Ones® antibacterial hand wipes. Plaintiff Connie Curts alleges Defendants Edgewell Personal Care Company ("Edgewell"), Edgewell Personal Care, LLC ("EPC"), Edgewell Personal Care Brands, LLC ("EPC Brands"), and Playtex Manufacturing, Inc.'s ("Playtex") representation that Wet Ones® kill 99.99% of germs (the "99.99% Claim") is false, deceptive, and misleading under the Missouri Merchandising Protection Act ("MMPA"), Mo. Rev. Stat. §§ 407.010–407.130.

Now before the Court is Defendants' motion to dismiss Plaintiff's Third Amended Complaint ("TAC"). ECF No. 26. For the reasons discussed below, the motion is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE

### Background

Plaintiff filed this a class action lawsuit against Edgewell on August 27, 2020, in the Circuit Court of Jackson County, Missouri. After almost three years of state court litigation, Plaintiffs were required to join Edgewell's subsidiaries, EPC, EPC Brands, and Playtex as necessary parties. Defendants then removed the case to this Court asserting jurisdiction under the Class Action Fairness Act of 2005. The Court denied Plaintiff's motion to remand, ECF No. 22, and Plaintiff

filed the TAC on October 23, 2023, ECF No. 24.

Plaintiff's principal allegation is that the 99.99% Claim "is false, deceptive, and misleading" because "the common and ordinary use of Wet Ones® does not kill more than 99.99% of germs." TAC ¶¶ 40, 63. Specifically, Plaintiff alleges the active ingredients in Defendants' non-alcoholic hand wipes—Benzethonium Chloride and Benzalkonium Chloride—"are less effective than alcohol in killing certain types of bacteria and viruses." TAC ¶ 47.

Much of the TAC centers around the meaning of the term "germs" as it appears on the Wet Ones® label. Plaintiff alleges the ordinary meaning of "germs" means all "pathogenic microorganisms including bacteria, viruses, and fungi." TAC ¶ 51. These pathogenic microorganisms allegedly include "non-enveloped viruses, gram-negative bacteria, and bacterial spores. . . . [which] include hundreds of species including categories of microorganisms that are commonly encountered and easily transmitted by hand-to-hand or surface-to-hand contact." TAC ¶ 53. Plaintiff alleges the 99.99% Claim "implies that Defendants tested the product against all germs, including pathogenic bacteria and viruses," when in fact they "have not tested the product to confirm its germ-killing ability." TAC ¶ 84. Plaintiff alleges the non-alcoholic Wet Ones®— like the ones she purchased—are ineffective against the human papilloma virus ("HPV"), C. Difficile, Cryptosporidium, and human coronaviruses, thus rendering the 99.99% Claim misleading. TAC ¶¶ 54–55, 59.

Plaintiff alleges she relied on the 99.99% Claim when she purchased Wet Ones® for her elderly mother-in-law who had "a history of C. Difficile infections and chronic urinary tract infections" and was unable "to wash her hands adequately." TAC ¶ 64. Plaintiff purchased Wet Ones® because she wanted a product that would "disinfect [her mother-in-law's] hands properly," "protect [her mother-in-law] from microbial infections," and provide "maximum value by

2

[offering] maximum protection for the price." TAC ¶¶ 64, 66. Plaintiff states she never would have purchased Wet Ones® had she known the 99.99% Claim was false. TAC ¶ 67.

Plaintiff further alleges the 99.99% Claim "deprived all [Wet Ones®] consumers of the benefit of the bargain and caused them ascertainable loss because the product purchased did not have the qualities and characteristics advertised and was worth less than a product actually having the advertised features." TAC ¶ 68. Plaintiff claims the measure of damages is a "portion of the product purchase price . . . reflecting the value of misrepresented product attributes." *Id.*

Defendants now move to dismiss the TAC pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue the TAC: (1) fails to meet the MMPA's reasonable consumer standard[1]; (2) fails to state a claim under the MMPA; and (3) fails to meet Rule 9(b)'s heightened pleading standard.

**Standard**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a

---

[1] It appears Defendants argue the reasonable consumer standard based on the MMPA's amended language. *See* Suggestions in Supp. at 3–4, ECF No. 27 (citing the amended language and cases applying the amended language). In 2020, the Missouri General Assembly amended the MMPA and added explicit "reasonable consumer" requirements. *See* Mo. Rev. Stat. § 407.025.1(2)(a)–(b) (requiring plaintiffs raising claims under the MMPA after August 28, 2020, to establish they "acted as a reasonable consumer would in light of all circumstance," and the defendant's conduct "would cause a reasonable person to enter into the transaction"); S.B. 591, 100th Gen. Assemb., Second Reg. Sess. (Mo. 2020). But because this case was filed before the amendments took effect, these additional requirements do not apply to this motion to dismiss. *See Schulte v. Conopco, Inc.*, 997 F.3d 823, 825 n.2 (8th Cir. 2021); *Abbott v. Golden Grain Co.*, No. 22-CV-01240-SRC, 2023 WL 3975107, at *4 (E.D. Mo. June 13, 2023) (finding the 2020 amendments added "three elements to the original four set by the pre-amendment MMPA"). Rather, pre-amendment violations of the MMPA are analyzed under a different reasonable consumer standard which "is generally a question of fact to be tried by a fact finder and is inappropriate to be resolved in a motion to dismiss." *Webb v. Dr Pepper Snapple Grp., Inc.*, No. 17-00624-CV-RK, 2018 WL 1955422, at *3 (W.D. Mo. Apr. 25, 2018) (citing *Hurst v. Nissan N. Am., Inc.*, No. WD 78665, 2016 WL 1128297, at *8 n.8 (Mo. Ct. App. Mar. 22, 2016)). Accordingly, because the MMPA's amended language does not apply to this case, the Court does not address Defendants reasonable consumer argument.

3

complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court construes Plaintiff's Complaint liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

Further, allegations of fraud must be plead with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "Claims alleging deceptive practices under the MMPA sound in fraud and are subject to Rule 9(b)'s heightened pleading standard." *Hennessey v. Gap, Inc.*, 86 F.4th 823, 827 (8th Cir. 2023). This requires Plaintiffs to "plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id.* (internal quotations and citation omitted).

**Discussion**

Plaintiff alleges the 99.99% Claim is false, deceptive, and misleading under the MMPA. The MMPA makes unlawful "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020.1. To state a claim under the MMPA, Plaintiff must allege she: "(1) purchased merchandise . . . from [Defendants]; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful under [§ 407.020.1]." *Goldsmith v. Lee Enterprises, Inc.*, 57 F.4th 608, 615 (8th Cir. 2023) (citing *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 311 (Mo. Ct. App. 2016); *see also* Mo. Rev. Stat. § 407.025.1(1).

Defendants argue this case should be dismissed because Plaintiff fails to plead the third
4

and fourth elements of her MMPA claim. On the ascertainable loss element, Defendants argue "Plaintiff fails to plead specific facts supporting the existence of ascertainable loss to raise a right to relief above a speculative level." Suggestions in Supp. at 10 (internal quotations and citation omitted). Although not presented under Rule 9(b), the Court finds Plaintiff has not alleged ascertainable loss with level of particularity Rule 9(b) requires.

"The ascertainable loss element [of an MMPA claim] incorporates Missouri's 'benefit of the bargain' common law fraud remedy. . . . [which] is the difference between the value of the product as represented and the actual value of the product as received." *Goldsmith*, 57 F.4th at 615. (internal quotations and citations omitted). Under Rule 9(b), this requires Plaintiff to "plead with particularity not only the value represented, but also the actual value of the product as received in order to establish ascertainable loss." *Hennessey*, 86 F.4th at 830 (citation omitted). Plaintiff has not made this showing. While Plaintiff states generally she paid more for Wet Ones® than they were worth, she does not allege the actual value of the product as received. This leaves the Court to speculate whether Wet Ones®'s alleged failure to prevent HPV, C. Difficile, Cryptosporidium, and human coronaviruses supports a reduced value, and if so, what the reduced value should be.

On the unlawful act element, Defendants claim that "[d]etermining whether a percentage kill claim is true, however, requires a numerator and a denominator," and Plaintiff fails to allege either. Suggestions in Supp. at 14. Plaintiff contends Rule 9(b) does not require her to plead "the mathematical process by which Plaintiff can prove [misrepresentation]." Suggestions in Opp'n at 19, ECF No. 40. Although Rule 9(b) does not require a precise calculation of all known "bacteria, viruses, and fungi" Wet Ones® do and do not kill, the Court finds that more factual support is required.

Plaintiff alleges the term "germs" means all pathogenic microorganisms, which include an

5

unspecified hundreds of species of bacteria, viruses, and fungi.  Plaintiff alleges the 99.99% Claim implies Wet Ones® have been tested against *all* pathogenic microorganism even though no testing occurred.  Plaintiff further alleges non-alcoholic Wet Ones® are ineffective against HPV, C. Difficile, Cryptosporidium, and human coronaviruses.

Even when taken as true, these allegations do not indicate the 99.99% Claim is false, deceptive, and misleading.  All these allegations establish is that Wet Ones® are ineffective against certain pathogenic microorganisms, not that they fail to kill more than 0.01% of all pathogenic microorganisms.  Thus, the Court is left to speculate whether an alleged failure to prevent HPV, C. Difficile, Cryptosporidium, and human coronaviruses is sufficient to show the 99.99% Claim is false.  Again, this is precisely the type of speculative pleading Rule 9(b) guards against.  Simply, Plaintiff's undefined universe of "germs" provides no guidance to infer the 99.99% Claim is an unlawful act under § 407.020.1.

Accordingly, because Plaintiff has failed to satisfy Rule 9(b)'s requirements on two elements of her MMPA claim, dismissal is appropriate.

## Conclusion

For the forgoing reasons, the Defendants' motion to dismiss is GRANTED.  This case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:   February 2, 2024                                 /s/ Greg Kays
                                                        GREG KAYS, JUDGE
                                                        UNITED STATES DISTRICT COURT